UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLINDA ABIBAS ANIEL,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF HILLSBOROUGH, et al.,<br><br>Defendants. | Case No.  25-cv-08646-AGT<br><br>**ORDER ON MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 10, 11, 32, 33 |

Defendant Town of Hillsborough (Hillsborough) moves to dismiss, dkt. 10, pro se plaintiff Erlinda Aniel's complaint. Dkt. 1. Hillsborough also asks the Court to take judicial notice, dkt. 11, both of which Aniel opposes. Dkt. 12.[1] Defendant Officers Aldo Bianchi, Nicholas Chinca, Jimmy Chung, and Jake Nelson (collectively, the Officers) also move to dismiss and for judicial notice separately, dkts. 32 & 33, and Aniel opposes. Dkt. 35.[2] Having reviewed the papers, the Court now grants in part the motions to dismiss and denies the requests for judicial notice.

## I.    Background

Relevant for the purposes of this motion, Aniel alleges that she filed a police complaint with Hillsborough Police Department (HPD) on July 19, 2024, after unnamed officers

---

[1] The Court previously found Hillsborough's motion to dismiss appropriate for resolution without a hearing. Dkt. 15.

[2] The Court now finds the Officers' motion to dismiss suitable for resolution without a hearing. *See* Civil L.R. 7-1(b).

would not file a police report on her behalf. Dkt. 1 ¶ 9.

Aniel further alleges that at 2:17 p.m. on November 24, 2024, she received a message that her home alarm had been triggered. *Id.* ¶ 1. Aniel asked the alarm company to contact HPD and then returned home. *Id.* ¶ 2. When she arrived, Aniel encountered an unknown person and the main door open, with lock parts scattered. *Id.* ¶ 3. After an exchange with the unknown person, who identified himself as Andres, Officers Chinca and Chung[3] arrived; wrestled Aniel; cuffed her; dragged her outside; and searched her person without permission. *Id.* ¶¶ 4–6. She alleges being subjected to a "physical and sexual body search." *Id.* ¶ 6. *See also id.* ¶ 12. Officers Chinca and Chung then searched Aniel's handbag before leaving her, cuffed, in the back of a police car. *Id.* ¶ 7. Officer Nelson "watched while illegal searches and seizures were conducted," and Officer Bianchi signed a citizen's arrest citation and would not allow Aniel to use the restroom until she signed the citation, resulting in Aniel losing control of her bladder, but was otherwise a "bystander, observer, and onlooker" during the arrest. *Id.* ¶ 12 & ¶ 65.

Following the incident, HPD prepared a report dated November 24, 2024, which Aniel attached to her complaint as an exhibit. *Id.* at 45.[4] Based on the report and a report information summary, both attached to the complaint, a reporting party represented that the "previous tenant" returned to the premises, *id.*, and was "acting hostile and kicking at" the reporting party. *Id.* at 49. That reporting party is identified in the report as a general contractor. *Id.* at 45. When officers arrived, they witnessed Aniel (inside the house) yelling at two men

---

[3] This defendant officer's surname is spelled "Cheung (or Chui)" throughout the complaint. *E.g.*, dkt. 1 ¶ 5. According to the Officers' motion to dismiss, his surname is Chung. Dkt. 32 at 3 n.1. The Court therefore identifies him as Officer Chung in this order.
[4] Page numbers in this order refer to the Electronic Case Filing numbers at the top of each page.

standing outside. *Id.* at 49. When officers ordered Aniel to step outside, she "became irate and yelled at the officers as she retreated into the house." *Id.* Based on statements from the reporting party that Aniel kicked him in the leg, was being hostile, and was trespassing, Aniel was placed under a citizen's arrest. *Id.* Officer Bianchi signed the citizen arrest citation. *Id.* at 43.

Aniel additionally filed a copy of the citizen's arrest citation from November 24, 2024, as an exhibit to her complaint. *Id.* at 43. The crimes listed are "243 Battery and 602 Trespassing." *Id.*

Aniel then brought this suit against Hillsborough, HPD, and the Officers, each in their personal and official capacities. Dkt. 1 ¶¶ 30–32. She brings 42 U.S.C. § 1983 claims predicated on violations of the First, Fourth, and Fourteenth Amendments, along with a *Monell* claim, a *respondeat superior* claim, and an intentional infliction of emotional distress claim. *Id.* ¶¶ 34–94.

Hillsborough and the Officers (collectively, Defendants) move to dismiss the complaint in its entirety. Dkts. 10 (Hillsborough's motion) & 32 (the Officers' motion). Aniel opposes. Dkts. 12 & 35. *See also* dkts. 13 (Hillsborough's reply) & 36 (Officers' reply).

## II.    Legal Standard

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In ruling on a Rule 12(b)(6) motion, a court takes "factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, conclusory statements that are unsupported by factual allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

"[A] court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

### III.    Hillsborough Police Department Is Dismissed With Prejudice

Hillsborough argues that Aniel's claims against HPD should be dismissed: HPD is a political subdivision of Hillsborough and not a separate legal entity. Dkt. 10 at 12. Aniel fails to respond to this argument in opposition and thereby concedes it. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (granting dismissal of claim where a party failed to oppose an argument, collecting cases).

Moreover, Hillsborough is correct that its police department is not an appropriate defendant in a 42 U.S.C. § 1983 suit. Only "persons" may be subject to suit under § 1983 and "persons" do not include municipal departments. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995–996 (N.D. Cal. 1996). Therefore, Aniel's claims against HPD are dismissed with prejudice. *See Sahakian v. City of Glendale*, No. CV16-04204, 2016 WL 3951368, at *2 (C.D. Cal. July 21, 2016) (dismissing § 1983 claims against the Glendale Police Department on this ground).

### IV.    Aniel's 42 U.S.C. § 1983 Claims Are Dismissed In Part

42 U.S.C. § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (cleaned up). "To state a claim under § 1983, a plaintiff must allege the violation

of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. *Monell* Claim Is Dismissed

Citing *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), Aniel alleges that Hillsborough "developed, implemented, enforced, encouraged, and sanction[ed] de facto policies, practices, and/or customs that exhibited deliberate indifference to [her] constitutional rights and directly caused the violations of those rights." Dkt. 1 ¶ 78. Aniel further alleges that Hillsborough failed to train or discipline the Officers, and failed to require that they follow rules and regulations. *Id.* ¶ 83.

### 1. Aniel Does Not Identify Any Official Policy, Practice or Custom

Hillsborough argues that Aniel has failed to identify any policy, custom, or usage, such that she fails to state a claim. Dkt. 10 at 12–14. Aniel doesn't point to any more specific policy or custom in opposition.

Hillsborough has the better argument. To establish liability under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (cleaned up).

Here, Aniel has failed to allege the existence of any relevant policy, practice or custom, beyond including a formulaic *Monell* claim. Such an allegation is conclusory and

5

accordingly must be dismissed. *Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do" to survive dismissal).

### 2.  Aniel Does Not Allege Any Failure to Train

Hillsborough argues, dkt. 10 at 14–15, and it is undisputed, that to bring a failure to train claim, a plaintiff must show that "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A plaintiff "must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021).

Aniel mentions inadequate training, but doesn't point to any policy, or argue that any alleged injury would not have occurred but for that policy. Asserting that the training was inadequate — without specifying why, how, or what training, if any, would have been more appropriate — is not sufficient. Without such facts, Aniel has failed to allege "that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez*, 993 F.3d at 1153–54. Accordingly, the claim can be dismissed on this ground, too.

### 3.  Leave to Amend the *Monell* Claim

The Court may grant Aniel leave to amend the *Monell* claim against Hillsborough to more specifically allege the policy or custom that she is challenging, how that policy or custom deprived her of constitutional rights, and/or how the failure to train amounted to deliberate indifference. At this point, the Court is unable to determine whether an

amendment would be futile. Accordingly, by **July 10, 2026**, Aniel must describe in writing how she would amend her *Monell* claim.[5]

### B.  *Respondeat Superior* Claim Is Dismissed

Aniel alleges that Hillsborough is liable for the conduct of its police officers under *respondeat superior*. Dkt. 1 ¶ 89. Hillsborough correctly argues, dkt. 10 at 12–13 & 21, that a municipality may not be held vicariously liable for alleged constitutional violations by its employees under *respondeat superior*. *See Monell*, 436 U.S. at 694 ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). Aniel doesn't respond in opposition to this argument.

To the extent that this claim is brought against the Officers, they argue that Aniel's *respondeat superior* claim fails because *respondeat superior* is a theory of liability, not an independent cause of action. Dkt. 32 at 15. Aniel again doesn't respond. The Court agrees with the Officers that "[t]here is no *respondeat superior* liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Aniel must show personal participation by each defendant. *Id.* "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.*

In light of the above, Aniel's *respondeat superior* claim against all Defendants is dismissed without leave to amend.

---

[5] The Officers argue that any *Monell* claim against them would be superfluous where Hillsborough is also named. Dkt. 32 at 14. However, from the Court's reading of the complaint, dkt. 1, it interprets the *Monell* claim as being brought only against Hillsborough. As such, the Court need not review the Officers' arguments to dismiss the *Monell* claim.

## C.  First Amendment Claim Is Dismissed[6, 7]

Aniel alleges that her right to free speech was violated when she filed a complaint against HPD on July 19, 2024, after unnamed officers refused to file a police report at her request. Dkt. 1 ¶ 9 & ¶ 12. HPD's deprivation of her rights resulted in Aniel's false arrest on November 24, 2024, she alleges, and caused her harm and injury. *Id.* ¶ 12. Specifically, Aniel alleges that the Officers retaliated and made false statements about Aniel after she filed a complaint against unnamed HPD officers and deprived her of her rights to silence, freedom, and protected speech. *Id.* ¶ 13 & ¶ 44. She further alleges that Officer Bianchi forced her to sign a citizen's arrest citation and deprived her of access to a restroom. *Id.* ¶ 63.

To prevail on a retaliation theory, Aniel must show that "(1) [she] was engaged in a constitutionally protected activity, (2) the [defendants'] actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the [defendants'] conduct." *Corales v. Bennett*, 567 F.3d 554, 563 (9th Cir. 2009) (cleaned up).

Defendants move to dismiss. Regarding the second element, Defendants argue that

---

[6] Aniel attempts to bring two First Amendment claims, one for free speech violations and one for retaliation. *See* dkt. 1 ¶¶ 34–63. In the current version of the complaint, Aniel does not break down her two separate claims under the First Amendment. In any amended complaint, should Aniel intend to bring these as two separate claims, she should make clear the legal theory and facts alleged in support of each claim.

[7] Aniel brings the First Amendment claim against the Officers in official and personal capacities. Dkt. 1 ¶¶ 42–63. As Hillsborough notes, dkt. 10 at 13 n.4, "[a] suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). "[I]f individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed." *Vance*, 928 F. Supp. at 996. Accordingly, the Court construes this claim as against Hillsborough and the officers in their personal capacity.

Aniel fails to plead any facts showing that members of the public were discouraged from making a complaint against HPD officers. Dkt. 10 (Hillsborough's motion) at 19; dkt. 32 (Officers' motion) at 21. Aniel fails to respond to this argument in opposition, thus conceding it. *See Ramirez*, 941 F. Supp. 2d at 1210 & n.7.

Regarding the third element, Defendants argue that Aniel fails to show that the Officers' allegedly retaliatory motives caused her injuries. Dkt. 10 at 20; dkt. 32 at 20–22. Aniel again concedes this point in opposition.

Aniel's claim also fails on its merits. She must "establish a causal connection between the government defendant's retaliatory animus and [her] subsequent injury. . . . [T]he motive must *cause* the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against [Aniel] would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 587 U.S. 391, 398–99 (2019) (cleaned up).

This Aniel fails to do. She pleads that she made a complaint against unnamed HPD officers on July 19, 2024, and that on November 24, 2024, she was arrested in connection with the alarm going off at her home. Dkt. 1 ¶ 1, ¶ 9, & ¶¶ 14–15. She pleads that she received no letter or action in connection with the first complaint, but alleges that "Defendants," unnamed, knew of the complaint and "planned a scheme to retaliate" via the November 24, 2024, arrest. *Id.* ¶ 10.

However, Aniel fails to show against whom the first complaint was filed; whether the July and November incidents involved any of the same officers; and if not, how these Officers knew in November of the July complaint. She fails to plead any details regarding how the Officers planned a retaliation scheme, what the scheme was, and which officers were involved. Without any of these fundamental details, Aniel has failed to show that a

retaliatory motive was the "but-for" cause of her arrest. As such, her First Amendment claim fails.

Because it is not clear that amendment would be futile, Aniel must update the Court in writing by **July 10, 2026**, on how she would amend her complaint to state claims under the First Amendment, as limited to the issues discussed above.

### D. Fourth Amendment Claim Survives Dismissal[8]

Aniel brings Fourth Amendment claims. Dkt. 1 ¶¶ 62–70. Defendants argue that even if Aniel has sufficiently pled a constitutional violation, which they dispute, they are protected from liability under qualified immunity. Dkt. 10 at 17–18; dkt. 32 at 18–20.

According to Defendants, "the officers responded to a reported trespass and battery at the Property. Upon arrival, they found the trespasser — [Aniel] —present, who refused to vacate and behaved in a 'confrontational,' if not physically aggressive manner toward both Andres and the officers." Dkt. 10 at 18; dkt. 32 at 19. Under these circumstances, Defendants argue that it was objectively reasonable for the Officers to believe that some degree of force was requested to remove Aniel from the property, to detain her, and to search her. Dkt. 10 at 17–18; dkt. 32 at 19–20. Even if mistaken in hindsight, their actions were not plainly incompetent or knowing violations of law. As such, Defendants argue they are entitled to qualified immunity. Dkt. 10 at 17–18; dkt. 32 at 19–20.

But, when qualified immunity is raised in a motion to dismiss, the court must decide "whether the facts alleged in the complaint, assumed to be true, yield the conclusion that the defendant is entitled to immunity." *Butler v. San Diego District Attorneys Office*, 370 F.3d

---

[8] Aniel brings this claim against the Officers in their personal and official capacities. Dkt. 1 ¶ 69. For the reasons stated, the Court will treat her claims as against Hillsborough and the Officers in their personal capacities.

956, 963–64 (9th Cir. 2004). The Court cannot say based on the pleadings that Aniel was being physically aggressive, for example. That is not pled in the complaint itself, but arguably only in the police-generated materials attached to the complaint. And Defendants don't address Aniel's allegations of a sexualized search, which the Court must assume at this stage to be true. As such, based on the facts properly alleged in the complaint, Defendants are not entitled to qualified immunity at this pleading stage. Defendants may again seek qualified immunity on a motion for summary judgment following the further development of the factual record in this case. But Defendants' motion to dismiss the Fourth Amendment claims on this basis is denied.

Defendants additionally argue that the Officers' alleged actions were reasonable and supported by probable cause. Dkt. 10 at 15–16; dkt. 32 at 16–18. Again, as noted, in ruling on a Rule 12(b)(6) motion, a court takes "factual allegations in the complaint as true." *Manzarek*, 519 F.3d at 1031. Based on the allegations of Aniel's complaint, the Court cannot conclude that the Officers' actions were reasonable or supported by probable cause. As such, the motion to dismiss on this ground is denied.

### E.  Fourteenth Amendment Claim Is Dismissed[9]

Aniel also claims a violation of her substantive due process rights under the Fourteenth Amendment. Defendants generally argue that this claim fails as a matter of law, and more specifically argue that they are entitled to qualified immunity. Dkt. 10 at 7 & 17–18; dkt. 32 at 9 & 18–20.

Aniel's Fourteenth Amendment claim appears predicated on the same conduct as her

---

[9] Aniel brings this claim as against "[a]ll [d]efendants." Dkt. 1 ¶¶ 71–76. For the reasons stated, the Court construes this claim as against the Officers in personal capacities and Hillsborough.

Fourth Amendment claim. *See* dkt. 1 ¶¶ 65–67 (Fourth Amendment claim) & ¶¶ 73–75 (Fourteenth Amendment claim). Defendants again argue for qualified immunity and, for the reasons stated above, the Court finds it inapplicable presently.

However, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. *Albright*, 510 U.S. at 273. Here, the Fourth Amendment protects Aniel from unreasonable searches, seizures, detentions, and arrests. *See Graham v. Connor*, 490 U.S. 386, 394–95 (1989); *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001). Aniel thus may not pursue a separate substantive due process claim. *See Podesta v. City of San Leandro*, No. C 05-2615 SBA, 2005 WL 2333802, at *4 (N.D. Cal. Sept. 21, 2005) (dismissing Fourteenth Amendment claim with prejudice where "the gravamen of [plaintiff's] Complaint is that he was subjected to an unreasonable search and seizure and possibly excessive force"); *Porter v. Cnty. of Solano*, No. 21-CV-01473, 2025 WL 621545, at *8 (E.D. Cal. Feb. 26, 2025) ("To the extent plaintiffs plead their § 1983 claims for unlawful search, seizure and excessive force in violation of the Fourteenth Amendment due process clause, they are dismissed.").

This claim is dismissed against all Defendants with leave to amend. In any amendment, Aniel must allege facts supporting an alleged violation of the due process clause under the Fourteenth Amendment.

/ / /

/ / /

/ / /

### V.    Intentional Infliction of Emotional Distress Claim Is Dismissed[10]

Aniel alleges that all defendants caused emotional suffering through deliberate or reckless actions. Dkt. 1 ¶¶ 90–94. Defendants argue that this claim must be dismissed because Aniel has failed to allege facts that the officers' conduct was sufficiently extreme or outrageous. Dkt. 10 at 21–22; dkt. 32 at 23–24. Aniel fails to respond to this argument in opposition and concedes the point. This claim is accordingly dismissed against all Defendants without leave to amend.

### VI.    Aniel Lacks Standing to Pursue Equitable Relief

Aniel seeks injunctive relief (1) requiring Defendants to cease harassment and intimidation; (2) prohibiting Defendants from making false statements regarding whether Aniel owns a home; (3) requiring Defendants to stop using innocent victims for professional advancement; and (4) prohibiting further harassment, intimidation, false statements, and retaliation against Aniel. Dkt. 1 at 26.

Defendants argue that Aniel lacks standing to pursue equitable relief because she fails to show a real and immediate threat of repeated injury. Dkt. 10 at 22; dkt. 32 at 24. Aniel opposes, arguing that "it's plausible that harm can occur any time after [she] filed the lawsuit against the four police officers." Dkt. 12 at 15; *see also* dkt. 35 at 20.

Aniel's argument as stated is too speculative. To show standing to pursue injunctive relief, Aniel must plead that she "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of L.A. v.*

---

[10] Aniel finally brings this claim as against "[a]ll [d]efendants." Dkt. 1 ¶¶ 90–94. For the reasons previously stated, the Court construes this claim as against the Officers in personal capacities and Hillsborough.

*Lyons*, 461 U.S. 95, 102 (1983) (cleaned up). She has failed to show that the threat is real and immediate, instead of conjectural or hypothetical.

Aniel's request for injunctive relief is dismissed with leave to amend for lack of standing.

### VII.    The Requests for Judicial Notice and Objections Are Denied

Hillsborough asks the Court to take judicial notice of a number of documents. Dkt. 11. The request is denied as moot: the Court did not rely on these materials in this order.

Similarly, the Officers ask the Court to judicially notice materials. Dkt. 33. The request is denied as moot since the Court did not utilize these materials.

Aniel filed exhibits with her oppositions, dkts. 12-1, 12-2, & 35-1, to which Hillsborough and the Officers object. Dkts. 13-1 & 36-1. The Court did not rely on the exhibits in this order, and therefore the objections are also denied as moot.

### VIII.    Aniel Must Seek Permission Before Filing a Surreply

Aniel filed a surreply, dkt. 14, after the filing of Hillsborough's reply, dkt. 13, without Court approval. "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," subject to exceptions not applicable here. Civil L.R. 7-3(d). The Court did not rely on this improper surreply in this order. However, in future, Aniel must seek Court approval prior to filing any surreply.

### IX.    Conclusion

To recap, HPD is dismissed with prejudice as a defendant from this case.

Aniel's 42 U.S.C. § 1983 claims — as predicated on violations of the First Amendment and *Monell* — are dismissed. By **July 10, 2026**, Aniel must update the Court regarding how she would amend her *Monell* and First Amendment claims.

Aniel's § 1983 claim predicated on *respondeat superior* is dismissed without leave to amend.

Aniel's § 1983 claim predicated on the Fourth Amendment survives dismissal.

Her § 1983 claim predicated on the Fourteenth Amendment is dismissed with leave to amend.

Aniel's claim for intentional infliction of emotional distress is dismissed without leave to amend.

Aniel lacks standing to pursue injunctive relief; her request is dismissed with leave to amend.

The requests for judicial notice are denied as moot.

After **July 10, 2026**, the Court will set a filing date for Aniel's amended complaint and will address whether she may amend her *Monell* and First Amendment claims. In any amended complaint, Aniel may only address the deficiencies in her original complaint addressed by this order. She may not add new claims or parties without stipulation of the defendants or leave of court.[11]

**IT IS SO ORDERED.**

Dated: June 25, 2026

Alex G. Tse
United States Magistrate Judge

---

[11] Defendants argue that qualified immunity bars all of Aniel's § 1983 and *Monell* claims. Dkt. 10 at 17–18 & dkt. 32 at 18–20. However, in each motion, the gravamen of their arguments goes to the Fourth Amendment. As such, the Court declines to address qualified immunity with respect to the First Amendment or *Monell* claims presently. Defendants may again seek qualified immunity on a motion for summary judgment following the further development of the factual record in this case.

15