UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERLINDA ABIBAS ANIEL,
Plaintiff,

v.

TOWN OF HILLSBOROUGH, et al.,
Defendants.

Case No. 25-cv-08646-AGT

**ORDER RE: LEAVE TO AMEND**

Re: Dkt. No. 41

The Court previously granted in part motions to dismiss filed by defendant Town of Hillsborough, and Officers Aldo Bianchi, Nicholas Chinca, Jimmy Chung, and Jake Nelson (collectively, Defendants). Dkt. 38. In that order, the Court ordered pro se plaintiff Erlinda Abibas Aniel to file a supplemental statement addressing how she would amend her First Amendment and *Monell v. Department of Social Services of New York* claims. Dkt. 38; 436 U.S. 658 (1978). Aniel timely filed a statement. Dkt. 41. Defendants filed an opposition. Dkt. 42. Having reviewed, the Court now orders as follows. Any amended complaint is due **October 9, 2026**.

**1. *Monell* Claim**

In its previous order, the Court found that Aniel failed to identify any official policy, practice or custom, and failed to allege any failure to train. Dkt. 38 at 5–6. As such, her *Monell* claim failed. *Id.*

In supplemental briefing, Aniel again fails to point to any policy or failure to train,

beyond a formulaic recitation of the elements of this claim. *See* dkt. 41. That is not sufficient, as argued by Defendants. Dkt. 42. As such, leave to amend would be futile and this claim is now denied without leave.[1]

**2. First Amendment Claim**

In her supplemental briefing, Aniel argues that she made a complaint against the Town of Hillsborough and was ignored, which she alleges is a violation of her right to petition/assemble because a citizen complaint is protected speech. Dkt. 41 at 3. But Aniel doesn't plead that she was prevented from filing any complaints, for example, or that she was blocked from assembling anywhere. This is not a viable pathway to liability.

Aniel appears to further allege a chilling effect from officers taking an adverse action in response to her complaint. Dkt. 41 at 4. As the Court previously noted, dkt. 38 at 8, to prevail on a retaliation theory, Aniel must show that "(1) [she] was engaged in a constitutionally protected activity, (2) the [defendants'] actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the [defendants'] conduct." *Corales v. Bennett*, 567 F.3d 554, 563 (9th Cir. 2009) (cleaned up). But Aniel again fails to allege facts showing that any members of the public were discouraged from making complaints, or that her complaint was a but-for cause of her arrest. *See* dkt. 42 at 2–3 (arguing same).

Leave to amend the First Amendment claim is denied.

/ / /

[1] Additionally, as Defendants argue, dkt. 42, it appears that Aniel is attempting to include two new defendants: Officer McGuire and Sergeant Javellana. Dkt. 41 at 1. The Court previously ordered that Aniel could not add new defendants without a stipulation with Defendants or leave of court. Dkt. 38 at 15. Defendants object that Aniel received neither, and the Court agrees.

**3. Fourteenth Amendment Claim**

The Court dismissed Aniel's Fourteenth Amendment claim with leave to amend previously. Dkt. 38. As such, the Court need not review Aniel's supplemental statement regarding the Fourteenth Amendment, dkt. 41, or Defendants' response. Dkt. 42. Aniel has leave to amend that claim already.

**4. Lack of Standing to Pursue Equitable Relief**

Aniel argues that she has standing to pursue equitable relief. Dkt. 41 at 5–6. Defendants disagree. Dkt. 42. The Court previously gave leave to Aniel to amend her claim for equable relief. Dkt. 38. Therefore, there is no need for the Court to review Aniel's supplemental statement or Defendants' response on this topic.

**5. Intentional Infliction of Emotional Distress Claim & Hillsborough Police Department**

The Court dismissed Aniel's intentional infliction of emotional distress claim without leave to amend, and dismissed the Hillsborough Police Department as a defendant with prejudice. Dkt. 38.

In her supplemental statement, Aniel appears to move for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9. Dkt. 41 at 6. Defendants argue that this is an improper appeal. Dkt. 42. Civil Local Rule 7-9 lays out specific circumstances under which such a motion may be brought. *See* Civ. L.R. 7-9(b). Aniel has failed to demonstrate any of the grounds for reconsideration. As such, her request for leave is denied.

Next, Aniel writes that she "needs clarification" regarding whether the undersigned had authority to dismiss, citing 28 U.S.C. § 636. Dkt. 41 at 7. All parties in the case have consented to the jurisdiction of a magistrate judge. *See* dkts. 4, 7, & 27. As such, the

undersigned has jurisdiction to enter dispositive orders, including the instant motion to dismiss. *See* 28 U.S.C. § 636(c).

**6. Conclusion**

Aniel has leave to file an amended complaint by **October 9, 2026**. As the Court previously stated, dkt. 38, in any amended complaint, Aniel may only address the deficiencies in her original complaint addressed in this order and the Court's order at dkt. 38. Again, Aniel may not add new claims or parties without stipulation of Defendants or leave of court.

**IT IS SO ORDERED.**

Dated: September 11, 2026

Alex G. Tse
United States Magistrate Judge